IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:01-CR-32-7 |
| | § | |
| KEVIN MOSS | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On May 8, 2008, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kevin Moss. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Assistant Federal Public Defender Ken Hawk.

Defendant originally pleaded guilty to the offense of possession with intent to distribute cocaine, a Class B felony. The guideline imprisonment range, based on a total offense level of 25 and a criminal history of category III, was 70 to 87 months. On February 28, 2002, Defendant was sentenced to 72 months imprisonment to be followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and financial disclosure. On November 9, 2006, Defendant completed his period of imprisonment and began service of the supervision term.

In its petition, the government alleges that Defendant violated his conditions of supervised release by committing the criminal offense of aggravated assault with a deadly weapon. If the Court finds by a preponderance of the evidence that Defendant committed this violation, a statutory sentence of no more than three years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by

committing the offense of aggravated assault with a deadly weapon would be a Grade A violation, for which the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade A violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pleaded not true to the allegations, based in large part on a pending appeal in state court of a life sentence. The government introduced one exhibit, a copy of a certified judgment of conviction from Smith County Court (Case Number 241-1786-07) for aggravated assault with a deadly weapon. Defendant stipulated he was the same individual named in the admitted judgment and conviction. Based on the presentation at the hearing, the Court found the allegation of violation of supervised release to be true.

For sentencing, the parties argued over whether the sentence should run concurrently or consecutively with the state court sentence. The Court ultimately found that the sentence should run concurrently with the judgment and sentence in Smith County Case Number 241-1786-07.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Kevin Moss be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months with no supervised release to follow, to run concurrently with Defendant's state court sentence in Smith County Case Number 241-1786-07.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error,

from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 13th day of May, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE